WATSON, Judge
(concurring in part and dissenting in part) :
I concur in affirming the trial court as to damages for the land taken, but I dissent on the issue of severance damages.
I would affirm an award of severance damages in this case because the record reflects that the landowner’s remaining property has been diminished in value. This was the conclusion of the experts who testified for the defendant and their opinions were accepted by the trial court.
The weight to be given expert testimony and the function of the trial court has been -ecently described by the Louisiana Supreme Court in State, Department of Highways v. McPherson (1972), 261 La. 716, 259 So.2d 33, as follows:
“Instead, the effect to be given to opinion testimony is governed by the weight the trier of fact accords to that testimony. The weight testimony is entitled to receive is determined by the professional qualifications and experience of the expert, the facts and studies upon which his opinion is based and, in case of land appraisals, his familiarity with the locality. La. Power and Light Co. v. Dixon, 201 So.2d 346 (La.App.1967). In all cases the possible bias of the witness in favor of the side for whom he testifies and the witness’ character and credibility bear upon the weight of the testimony.
“These are all matters for the trier of fact. And when, as in this case, testimony of the witnesses is contradictory, the finding of the trier of fact will not be overturned unless manifest error appears in the record.” 259 So.2d 39.
Also, as the First Circuit has recently said:
“We are not at liberty, however, to substitute our impression for that of the trial judge, nor render a different judgment except for substantial reasons. In the absence of manifest error his judgment should prevail.” State, Department of Highways v. Clement, 311 So.2d 5 at 6 (La.App. 1 Cir. 1975)
In the present case it appears to me that the landowner has suffered a loss of access, that the loss resulted from the taking and the design of the road, as well as the uncertain status of the remaining access road, and that there has been a resulting diminution in the value of the property, *391 which either lost its value as commercial property or suffered a serious reduction. The majority, I respectfully suggest, are giving too much weight to an isolated fact, that is, that two lounges are continuing to operate on the old road. Bar patrons are not easily dissuaded from frequenting their customary oases. It does not necessarily follow, as the majority concludes, that because two lounges are still operating on the old road the landowner’s property has retained its commercial value and that the value is as great as before the taking.
I cannot say that the opinion of the landowner’s experts is illogical or unreasonable, and I do not find that the trial court erred manifestly in accepting their opinion. See State, Dept. of Hwys. v. Denham Springs-Dev. Co., Inc. (La.1975) 307 So.2d 304, and State, Dept. of Highways v. Nisbet Properties, Inc., 309 So.2d 398 (La.App. 2 Cir. 1975).
I express no opinion as to the amount of the severance damages awarded.
Therefore, I respectfully concur in part and dissent in part.